IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DAVID FRANCO<br>    Plaintiff, | §<br>§<br>§ | |
| vs. | §<br>§<br>§<br>§ | Case No. _____ |
| MABE TRUCKING CO., INC.<br>    Defendants. | §<br>§ | Jury Demanded |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, David Franco, files his Original Complaint against Defendants Richard Agee and Mabe Trucking Co., Inc., and for cause of action would respectfully show the Court the following:

### A. PARTIES

1.  Plaintiff, David Franco, is an injured individual residing in Kilgore, Gregg County, Texas.

2.  Mabe Trucking Co., Inc., is a foreign company incorporated under the laws of North Carolina and having its primary place of business in North Carolina. According to Mabe Trucking's website, the company has "operating authority in 48 states," including the state of Texas. Defendant Mabe Trucking may be served with process through its registered agent Roger Dale Mabe, Jr., 1603 Mill Avenue, Eden, North Carolina. For venue purposes only, Mabe Trucking can be deemed to reside in the Eastern District of Texas because it is subject to personal jurisdiction there.

### B. JURISDICTION AND VENUE

3.  This Court has diversity of citizenship jurisdiction over this action under 28 U.S.C. § 1332(a).  The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and this action is between businesses or individual citizens of

different States. All of the corporate defendants have engaged in intentional and systematic contacts with the State of Texas.

4. Venue is proper in this district under the provisions of 28 U.S.C. § 1391(c)(2) because Defendant Mabe Trucking has sufficient contacts in the Eastern District of Texas to subject it to personal jurisdiction within Texas. Mabe Trucking's employee, Richard Agee, claimed that he had "crossed over the [Texas] state line into Louisiana." Mabe Trucking therefore resides in the Eastern District for venue purposes under § 1391(c)(2).

## C. CONDITIONS PRECEDENT

5. All conditions precedent have been performed or have occurred.

## D. FACTS

6. On November 24, 2015, a driver for Mabe Trucking was driving an 18-wheel truck owned by Mabe Trucking. The driver of the truck—Richard Agee—was an employee of Mabe Trucking and was operating the truck in the furtherance of Mabe Trucking's business. While traveling through Texas and crossing the border into Louisiana on Interstate 20, the Mabe Trucking driver illegally pulled over onto the shoulder of the interstate. Without being sure that it was safe to do so, the Mabe Trucking driver pulled back onto the Interstate and began driving at a speed significantly lower than the posted speed limit. The Mabe Trucking driver also failed to turn his "four-ways" on to give better notice to other drivers on the interstate. Plaintiff David Franco was lawfully driving eastbound on Interstate-20. Agee pulled out in front of Plaintiff and was driving so slow that it was unsafe for other drivers behind him. In order to prevent his own truck from hitting Agee's, plaintiff Franco swerved to the left where a Fed-Ex truck was driving. Plaintiff Franco clipped the right side of the Fed-Ex truck, and slammed into the back of the Mabe Trucking vehicle. The Plaintiff's truck continued along the interstate for "a short distance" before coming to rest in the median. Plaintiff Franco is suffering from mental anguish, and Plaintiff's truck suffered severe damage as a result of the wreck involving Defendant Agee.

## E. RESPONDEAT SUPERIOR

7. Whenever it is alleged in this Complaint that a Defendant did any act or thing, it is meant that the Defendant's agents, servants, employees, parent agents, ostensible agents, agents by estoppel and/or representatives did such act or thing, and at the time such act or

thing was done, it was done with the authorization of Defendant or was done in the normal routine course of the agency or employment of the Defendant.

8. In addition to the other Counts herein, the incident made the basis of Plaintiff's, lawsuit was proximately caused by the negligence of Defendant Mabe Trucking Co., Inc., through its employee and authorized agent, Richard Agee.

### F. NEGLIGENCE AND NEGLIGENCE PER SE

9. Richard Agee had a duty to exercise ordinary care and operate Mabe Trucking's vehicle reasonably and prudently.

10. Richard Agee—acting in the course and scope of his duty with Mabe Trucking—breached the duty of care in the following ways:

   a. Failing to signal when merging onto a public highway;

   b. Failing to maintain proper control of the vehicle;

   c. Not yielding to approaching vehicles before merging onto a highway to avoid immediate hazard

   d. Slowing the vehicle too suddenly;

   e. Driving the vehicle at a rate of speed slower than that at which a person of ordinary prudence would have driven under the same or similar circumstances;

11. In addition, Defendants' actions also constitute negligence per se. The defendants violated the following articles of Title 32 in the Louisiana Laws Revised Statutes:

   a. Section 32.58, concerning careless operation of a vehicle. Any person operating a vehicle on a public road must drive in a careful and prudent manner.

   b. Section 32.64, concerning speed on the highway. No person shall drive a vehicle on a highway at such a slow speed as to impede the normal and reasonable movement of traffic.

   c. Section 32.79, concerning driving on a laned roadway. A vehicle shall not be moved from a single lane until the driver has first ascertained that such movement can be made with safety.

    d. Section 32.81, concerning a driver's proximity to vehicles ahead. The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway.

    e. Section 32: 124, concerning vehicles entering a highway. A driver entering a highway shall yield the right of way to all approaching vehicles so close as to constitute immediate hazard

12.     By driving at such a slow rate of speed without signal or warning while driving a large truck, Agee chose to disregard the reasonable traffic rules that govern Louisiana highways. Agee was well aware of the reasonable standards of drivers because Agee was a licensed driver employed by Mabe Trucking as a professional driver.

## G. NEGLIGENT ENTRUSTMENT, HIRING, AND TRAINING

13.     Defendant Mabe Trucking entrusted its vehicle to an employee, Richard Agee. The employee's job was to deliver Mabe Trucking products using the Mabe Trucking vehicle for transportation.

14.     Richard Agee was a reckless driver based on inexperience and actions that he took prior to the accident. These unreasonable actions caused injuries, harm, and damages to the Plaintiff.

15.     Mabe Trucking knew or should have known that Richard Agee was a reckless driver based on Agee's inexperience and prior actions.

16.     Richard Agee was negligent at the time of Plaintiff's injury. Agee negligently merged onto a highway at a rate of speed so slow that it endangered approaching vehicles. He also merged onto an interstate before checking that it was safe to do so.

17.     Defendant Mabe Trucking could reasonably have anticipated that entrusting such a large vehicle to a reckless driver would result in injury.

18.     In addition, Defendant Mabe Trucking had a duty to use reasonable care to select an employee who was competent, fit, and responsible enough to operate a large vehicle safely. Defendant Mabe Trucking owed this duty to Plaintiff Franco, and this duty was breached.

19. Defendant Mabe Trucking had a duty to train employee-drivers to operate large vehicles with reasonable care in respect to other drivers. This duty was breached, as displayed when Agee merged onto an interstate before checking to see if it was safe to do so. This duty was breached again when Agee drove at a rate that was so slow that it impeded the reasonable movement of traffic.

20. Defendant Mabe Trucking knew or should have known that Agee would operate their vehicle in a reckless manner with disregard to other drivers.

21. Defendant Mabe Trucking knew or should have known that Agee was not competent and responsible for his driving duties, which required the safe operation of a large vehicle.

22. Defendant Mabe Trucking could reasonably have anticipated that entrusting a vehicle to a reckless and inexperienced driver would result in an injury. The size of the truck, as well as the skill that it takes to drive such a large vehicle, should have put Defendant Mabe Trucking on notice that any reckless operation of such a vehicle could result in injury.

23. Further, Defendants failed to properly train and enforce safety policies established as industry standards for ensuring the safe transportation of commercial goods on US highways.

## H. GROSS NEGLIGENCE OF DEFENDANT

24. In addition to the other Counts herein, Defendant Mabe Trucking is liable for its employee's grossly negligent conduct. In support thereof, Plaintiff asserts the following:

25. The damages sustained by Plaintiff was proximately caused, in whole or in part, by the negligence of the employee of Defendant through his reckless behavior. By not signaling before merging onto a major interstate, Agee proceeded with conscious indifference to the rights, safety, and welfare of others, namely Plaintiff. Agee intentionally drove at a rate of speed that was so slow that it endangered all approaching traffic on the interstate. Agee was subjectively aware of the risks posed by driving dangerously slow and was aware of the harm that the truck could pose in the event of a collision. Despite being aware of these risks, Agee made these dangerous decisions intentionally. These actions resulted in a major wreck.

26. Defendant Mabe Trucking entrusted Defendant's vehicle to Richard Agee. Agee delivered products to Defendant Mabe Trucking's clients. Mabe Trucking had subjective awareness of the risk Agee presented to the public, but chose to ignore it.

27. Defendant Agee was negligent at the time of plaintiff's injury. While in the scope of his employment, Defendant Agee recklessly and intentionally merged onto a major interstate without signaling his intention to merge. After performing this dangerous merge, Defendant Agee intentionally drove at a rate of speed that would endanger all other vehicles on the interstate. Because of these hazardous activities, Defendant Agee caused a major truck wreck.

28. Defendant Mabe Trucking could reasonably have anticipated that entrusting a vehicle to a reckless and inexperienced driver would result in an injury. The size of the truck, as well as the skill that it takes to drive such a large vehicle, should have put Defendant Mabe Trucking on notice that any reckless operation of such a vehicle could result in injury.

29. Further, Defendants failed to properly train and enforce safety policies established as industry standards for ensuring the safe transportation of commercial goods on US highways.

## I. DAMAGES

30. Defendant's breach of duty directly and proximately caused injury to Plaintiff, which resulted in the following damages:

    a. Severe mental and physical pain in the past and future;

    b. Mental anguish in the past and future;

    c. Physical impairment in the past and future;

    d. Medical expenses in the past and future;

    e. Loss of consortium in the past and future;

    f. Severe damage to his truck; and

    g. Loss of wages and earning capacity in the past and future.

31. As a direct and proximate result of the Defendant's negligence, Plaintiff has suffered, and will continue to suffer, physical and mental pain. Further, Plaintiff's truck has suffered severe damage to the entire front half of the vehicle.

32. By reason of the foregoing injuries and damages, Plaintiff has been damaged far in excess of the minimum jurisdictional limits of the Court.

## J. EXEMPLARY DAMAGES

33. Plaintiff's injury resulted from the gross negligence and malice of Mabe Trucking and employee Richard Agee, which entitles plaintiff to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a).

34. Agee, in the scope of his employment, chose to disregard the laws that govern our state highways, and in doing so, caused severe damages to Plaintiff Franco.

## J. JURY DEMAND

35. Plaintiff demands a jury trial and tenders the appropriate fee with this Complaint.

## K. CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be duly cited to appear and answer this Complaint and that upon final hearing Plaintiff recover as follows:

a. Actual damages and exemplary damages;
b. Prejudgment and post-judgment interest as provided by law;
c. Costs of Court; and
d. Such other and further relief to which the Plaintiff may be justly entitled.

Respectfully submitted,

**THE MONSOUR LAW FIRM**

_/s/ Benton G. Ross_
BENTON G. ROSS
State Bar No. 24068124
DOUGLAS C. MONSOUR
State Bar No. 00791289
404 North Green Street
Post Office Box 4209
Longview, Texas 75606
(903) 758-5757
(903) 230-5010 (fax)
**ATTORNEYS FOR PLAINTIFF**